IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| MAH MACHINE COMPANY and ANNA HOZJAN, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. **18-2559** ) |
| UNITED OF OMAHA LIFE INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) ) |

**COMPLAINT FOR VIOLATION OF ERISA PLAN**

Plaintiffs, MAH MACHINE COMPANY and ANNA HOZJAN, by their attorneys, Goldstine, Skrodzki, Russian, Nemec and Hoff, Ltd., and for their Complaint for Violation of a Plan established pursuant to the Employee Retirement Income Security Act of 1974 and Other Relief against Defendant, UNITED OF OMAHA LIFE INSURANCE COMPANY, state as follows:

**General allegations**

1. This action arises under the Employee Retirement Income Security Act of 1974 (29 U.S.C. §1001 et seq. )(ERISA) and more particularly 29 U.S.C.§1132(a)(1)(B).

2. This Court has jurisdiction of the matter under 29 U.S.C.§1132(e)(1).

3. This action properly lies in the Northern District of Illinois, Eastern Division pursuant to 29 U.S.C. §1132(e)(2).

4. Plaintiff, MAH MACHINE COMPANY ("MAH MACHINE"), is an Illinois corporation with its principal place of business in Cicero, Illinois.

5. Plaintiff, ANNA HOZJAN ("ANNA"), is a resident of Shorewood, Illinois.

6. Upon information and belief, Defendant, UNITED OF OMAHA LIFE INSURANCE COMPANY ("OMAHA LIFE"), is a foreign insurance company licensed to do business in Illinois and is doing business in and around Chicago, Illinois.

7. On or about November 1, 2016, OMAHA LIFE issued two Group Life Insurance Policies to MAH MACHINE, as policyholder, providing life insurance for the employees of MAH MACHINE, said policies bearing Policy Nos. GLUG-B39N and GVTL-B39N, copies of which are attached as Exhibit "A" and Exhibit "B", respectively.

8. As provided by the Group Life Insurance Policies, in consideration of payment of the premiums by MAH MACHINE, OMAHA LIFE agreed to pay certain benefits to designated beneficiaries of the employees insured under the Policies subject to the terms, conditions and limitations of the Policies, effective November 1, 2016.

9. The premiums for Policy Nos. GLUG-B39N and GVTL-B39N have been paid by MAH MACHINE from the effective date of the policies inception to the present.

10. The benefits provided by MAH MACHINE to its employees through the purchase of aforementioned policies constitute a "Plan" as defined in 29 U.S.C. Sections 1002(1) and (3).

11. This action seeks, pursuant to 29 U.S.C. Section 1132(a)(1)(B), to enforce the rights of MAH MACHINE and recover benefits due and owing to ANNA under the Plan as defined by Policy Nos. GLUG-B39N and GVTL-B39N.

**Count I**
**(Policy No. GLUG-B39N)**

1-11. Plaintiffs restate and reallege paragraph 1 through 11 of the General Allegations as paragraphs 1 through 11 of Count I.

12.     OMAHA LIFE Group Policy No. GLUG-B39N provides a death benefit in the amount of Twenty Five Thousand Dollars ($25,000) for all the eligible employees of MAH MACHINE, as defined by the terms of said Policy and payable to the employee's designated beneficiary.

13.     Martin Hozjan, husband of ANNA, and as a continuous employee of MAH MACHINE since 1976, was an eligible employee on the effective date of November 1, 2016, as defined by said Policy.

14.     In accordance with the requirements and procedures of said Policy, Martin Hozjan designated ANNA as his beneficiary under the Policy.

15.     On November 3, 2016, Martin Hozjan died.

16.     On or about November 17, 2016, MAH MACHINE and ANNA submitted a Proof of Death Claim Form to OMAHA LIFE along with other required documentation to make their claim for the death benefit provided by OMAHA LIFE Policy No. GLUG-B39N.

17.     On or about February 22, 2017, OMAHA LIFE informed ANNA that it was denying the claim on the basis that Martin Hojzan was not actively working on November 1, 2016, and therefore he was not eligible for coverage and a benefit could not be allowed. A copy of the OMAHA LIFE correspondence informing ANNA of the denial of the claim (the "Notice") is attached hereto as Exhibit "C".

18.     Contrary to 29 C.F.R. Section 2560.503-1(g)(1)(iii), the Notice failed to provide to ANNA a description of additional material or information necessary for ANNA to perfect her claim and an explanation of why such material or information was necessary.

19. Contrary 29 C.F.R. Section 2560.503-1(g)(1)(iv), the Notice failed to adequately provide a description of the Plan's review procedures and the time limits applicable to such procedures, including a statement of ANNA's right to bring a civil action under section 502(a) of the Employee Retirement Income Security Act of 1974 following an adverse benefit determination on review.

20. The Notice did not follow claims procedures consistent with law as the Plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim and therefore MAH MACHINE and ANNA are deemed to have exhausted the administrative remedies available and is entitled to file and pursue this action, all pursuant to 29 C.F.R. Section 2560.503-1(l).

21. The findings of OMAHA LIFE in denying the claim for the death of Martin Hojzan was based on inaccurate information as Martin Hojzan was actively working through November 2, 2016, as defined by Policy No. GLUG-B39N, and therefore eligible for coverage and the death benefit.

22. The action by OMAHA LIFE in denying the claim for death of Martin Hozjan violated the Plan and specifically terms of Policy No. GLUG-B39N.

23. Any review by OMAHA LIFE would be futile in that OMAHA LIFE is not a neutral evaluator but in a position of conflict with respect to its decision to deny the benefits due ANNA.

24. As a result of OMAHA LIFE violation of the Plan, MAH MACHINE and ANNA have been denied the benefits of the Plan in place as provided by Policy No. GLUG-B39N and has been damaged in an amount not less than Twenty Five Thousand Dollars ($25,000).

25. Pursuant to 29 U.S.C. Section 1132(g) MAH MACHINE and ANNA are entitled to recover their attorney's fees and costs incurred in this action.

WHEREFORE, Plaintiffs, MAH MACHINE and ANNA HOZJAN, respectfully pray for judgment in their favor and against Defendant, UNITED OF OMAHA LIFE INSURANCE COMPANY, in the amount not less than Twenty Five Thousand Dollars ($25,000) plus their attorney's fees, costs and for whatever further relief as this Court deems equitable and just.

### COUNT II
### (Policy No. GVTL-B39N)

1-11. Plaintiffs restate and reallege paragraph 1 through 11 of the General Allegations as paragraphs 1 through 11 of Count II.

12. OMAHA LIFE Group Policy No. GVTL-B39N allows eligible employees of MAH MACHINE, as defined by the terms of said Policy, to elect to be insured for additional death benefits in consideration for payment to OMAHA LIFE of an additional premium.

13. Martin Hozjan, husband of ANNA, and as a continuous employee of MAH since 1976, was an eligible employee on the policy effective date of November 1, 2016, as defined by said Policy and elected to be insured for One Hundred and Fifty Thousand Dollars ($150,000).

14. In accordance with the requirements and procedures of said Policy, Martin Hozjan designated ANNA as his beneficiary under the Policy.

15. On November 3, 2016, Martin Hozjan died.

16. On or about November 17, 2016, MAH MACHINE and ANNA submitted a Proof of Death Claim Form to OMAHA LIFE along with other required documentation to make their claim for the death benefit provided by OMAHA LIFE Policy No. GVTL-B39N.

17. On or about February 22, 2017, OMAHA LIFE informed ANNA that it was denying the claim on the basis that Martin Hojzan was not actively working on November 1, 2016, and therefore he was not eligible for coverage and a benefit could not be allowed. A copy of the OMAHA LIFE correspondence informing ANNA of the denial of the claim (the "Notice") is attached hereto as Exhibit "C".

18. Contrary 29 C.F.R. Section 2560.503-1(g)(1)(iii), the Notice failed to provide to ANNA a description of additional material or information necessary for ANNA to perfect her claim and an explanation of why such material or information was necessary.

19. Contrary to 29 C.F.R. Section 2560.503-1(g)(1)(iv), the Notice failed to adequately provide a description of the Plan's review procedures and the time limits applicable to such procedures, including a statement of ANNA's right to bring a civil action under section 502(a) of the Employee Retirement Income Security Act of 1974 following an adverse benefit determination on review.

20. The Notice did not follow claims procedures consistent with law as the Plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim and therefore MAH MACHINE and ANNA are deemed to have exhausted the administrative remedies available and is entitled to file and pursue this action, all pursuant to 29 C.F.R. Section 2560.503-1(l).

21. The findings of OMAHA LIFE in denying the claim for the death of Martin Hojzan was based on inaccurate information as Martin Hojzan was actively working through November 2, 2016 as defined by Policy No. GVTL-B39N and therefore eligible for coverage and the death benefit.

22.    The action by OMAHA LIFE in denying the claim for death of Martin Hozjan violated the terms of the Plan and specifically Policy No. GVTL-B39N.

23.    Any review by OMAHA LIFE would be futile in that OMAHA LIFE is not a neutral evaluator but in a position of conflict with respect to its decision to deny the benefits due ANNA.

24.    As a result of OMAHA LIFE violating said Plan, MAH MACHINE has been denied its rights and ANNA have been denied the benefits of the Plan as provided by Policy No. GVTL-B39N and has been damaged in the amount of One Hundred Fifty Thousand Dollars ($150,000).

25.    Pursuant to 29 U.S.C. Section 1132(g) MAH MACHINE and ANNA are entitled to recover their attorney's fees and costs incurred in this action.

WHEREFORE, Plaintiffs, MAH MACHINE and ANNA HOZJAN, respectfully pray for judgment in their favor and against Defendant, UNITED OF OMAHA LIFE INSURANCE COMPANY, in the amount of One Hundred Fifty Thousand Dollars ($150,000), plus their attorney's fees, costs and for whatever further relief as this Court deems equitable and just.

                      MAH MACHINE COMPANY and ANNA HOZJAN

                      By:    /s/William H. Hrabak, Jr.
                                One of their Attorneys

William H. Hrabak, Jr.
Goldstine, Skrodzki, Russian
Nemec and Hoff, Ltd.
Attorneys for Plaintiffs
835 McClintock Drive
Second Floor
Burr Ridge, IL 60527
630-655-6000
whh@gsrnh.com

1246592.2